UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LARRY WARREN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:25-cv-00618-JPH-DML |
| ) | |
| CHLOE BOOKOUT Legal Liaison, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**ORDER SEVERING CLAIMS AND DIRECTING FURTHER PROCEEDINGS**

Larry Warren's 48-page complaint asserts claims against 17 defendants based on events that took place from June 2023 through January 2025. Because Mr. Warren is incarcerated, the Court must screen his complaint pursuant to 28 U.S.C. § 1915A. First, however, the Court must determine whether the claims and parties are properly joined. *Dorsey v. Varga*, 55 F.4th 1094, 1107 (7th Cir. 2022).

**I. Misjoinder of Claims**

For defendants to be joined in one lawsuit, at least one claim against all of them must arise out of the same transaction or occurrence, and there must be at least one common question of law or fact that applies to each and every one of them. Fed. R. Civ. P. 20(a)(2)(B). Federal Rule of Civil Procedure 21 gives the court authority to "sever any claim against a party." "It is within the district court's broad discretion whether to sever a claim under Rule 21." *Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1016 (7th Cir. 2000); *see also Taylor v. Brown*, 787 F.3d 851, 859 (7th Cir. 2015) ("We review a court's decision to sever claims for

1

an abuse of discretion."). "As long as there is a discrete and separate claim, the district court may exercise its discretion and sever it." *Rice*, 209 F.3d at 1016. This means only that "one claim must be capable of resolution despite the outcome of the other claim." *Gaffney v. Riverboat Servs. of Ind.*, 451 F.3d 424, 442 (7th Cir. 2006).

Anticipating a potential joinder issue, Mr. Warren asserts that all his claims arise out of a single, widespread scheme of retaliation based on his history of a filings grievances and lawsuits:

> This by all means is not a buckshot complaint. Most of defendants are top PCF staff and their retaliatory behavior toward plaintiff through a series of transactions and occurrences. *Rule 20* does not require that every question of law or fact in the action be common among the defendants, rather, the rule permits part joiner whenever there will be at least one common question of law or fact. The retaliation claim is common to all defendants because the plaintiff claims are properly joined under *Rule 20*. The multiple defendants also satisfy *Rule 18* [. . . .]
>
> This campaign of retaliation started sometime prior to June 23, 2023 when on that date Plaintiff would be placed on a 30 day restriction from filing grievances although per grievance policy 00-02-301 he could continue filing "emergency grievances." June 23, 2023 is very significant in this lawsuit because Plaintiff would begin to realize his injuries by these defendants and that it was obvious by this time there was a campaign of retaliation and harassment taking place.
>
> [. . .] Plaintiffs injuries would continue from June, 23, 2023 as the campaign of retaliation by all defendants would only excel to frivolous conduct reports that would lead to major harm to the Plaintiff and including attempts to have Plaintiff transferred to another facility, to Plaintiff not being able to secure a prison job for 12 months. As time went on more and more staff members would conspire to harm the Plaintiff because the word was getting out by staff that Plaintiff was a grievance writer and he files lawsuits. These defendants did violate Plaintiff constitutional rights as well as violating IDOC policies and procedures. This would create a Monell State Claim. As the campaign of retaliation continues at the time of

> this filing, he has endured at least 10 major events that have caused him great harm emotionally and physically.

Dkt. 2 at ¶¶ 27, 61–62 (errors and italics in original).

Mr. Warren's assertion that every claim and defendant are properly joined because they are part of a single but extensive scheme of retaliation is problematic in at least three respects.

First, Mr. Warren does not allege that every defendant retaliated against him for pursuing grievances or litigation. For example, Mr. Warren's only allegations against Officer Mason Kierznowski are that he initiated a bogus disciplinary case against Mr. Warren. Dkt. 2 at ¶¶ 79–81. Similarly, Mr. Warren's only allegations against Officer Carlos Suari are that he had Mr. Warren locked in a shower cell in extreme heat for 30 minutes, then initiated a bogus disciplinary proceeding against him. He does not allege that either knew about any particular grievance, lawsuit, or other expression protected by the First Amendment, much less that their conduct was motivated by protected expression. *See, e.g.*, *Holleman v. Zatecky*, 951 F.3d 873, 878 (7th Cir. 2020) (A plaintiff alleging a retaliation claim "must show he engaged in protected First Amendment activity" and that "his protected conduct was at least a motivating factor of the adverse action."). Plainly, there are defendants in this complaint who are not bound to one another by any factual or legal question.

Second, Mr. Warren's pre-emptive assertion that all the defendants have engaged in a wide-ranging conspiracy to retaliate against him based on his history of litigation and grievances is not a well-pled factual allegation supporting a reasonable inference that all his claims arise from a single series of incidents

3

involving common legal and factual questions. When the Court reviews the sufficiency of a complaint, it cannot accept legal conclusions or conclusory allegations. *See McCauley v. City of Chicago*, 671 F.3d 611, 617 (7th Cir. 2011). Rather, factual allegations must plausibly state an entitlement to relief "to a degree that rises above the speculative level." *Munson v. Gaetz*, 673 F.3d 630, 633 (7th Cir. 2012). Mr. Warren's assertion of a conspiracy of retaliation is not supported by enough facts to rise above speculation.

Third, to the extent Mr. Warren argues that all defendants acted pursuant to Indiana Department of Correction policies or practices, such that they are all bound by a common claim under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), he has not sued an organizational defendant under *Monell*, and he could not. *Monell* offers a path to hold municipalities liable under 42 U.S.C. § 1983, but the defendants here are allegedly employed by the Indiana Department of Correction. *Monell* does not apply to states or their agencies, "which do not qualify as 'persons' for the purposes of Section 1983 relief." *Estate of Wobschall by Wobschall v. Ross*, 488 F. Supp. 3d 737, 752 (E.D. Wis. 2020); *see also Jones v. Indiana*, 533 F. App'x 672, 673 (7th Cir. 2013) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)).

## II. Identification of Claims

For the reasons discussed in Part I, Mr. Warren cannot pursue every claim and defendant presented in his complaint in one lawsuit. The following claims arise out of distinct incidents and do not involve common questions of law and fact and must therefore proceed separately. Alternatively, if the claims *could* be

joined under Rules 18 and 20, they are capable of being resolved separately, and the Court would exercise its discretion under Rule 21 to sever them. *Rice*, 209 F.3d at 1016; *Gaffney*, 451 F.3d at 442.

**A.    Group A**

Defendants: Reagle, Conyers, Ashby, T. McCorkle.

Allegations: The defendants placed Mr. Warren on a 30-day grievance restriction and returned previously submitted grievances. Dkt. 2 ¶¶ 64–67.

**B.    Group B**

Defendants: Bookout, Reagle, Cole, Fox, K. McCorkle, T. McCorkle, Wallen

Allegations: The defendants pursued a bogus disciplinary action against Mr. Warren because of a previous lawsuit, gave him a negative work evaluation, terminated him from his job, paid him less than the amount they agreed upon, intentionally intimidated him, and prevented a grievance about this misconduct from advancing. *Id.* ¶¶ 68–78.

**C.    Group C**

Defendant: Reagle

Allegations: After Mr. Warren filed a tort claim to recover unpaid wages, Defendant Reagle sent a sanitation worker to tell Mr. Warren that Defendant Reagle "was tired of all the lawsuits and grievances." *Id.* ¶ 70.

**D.    Group D**

Defendants: Ernest and Kierznowski

Allegations: The defendants carried out a bogus disciplinary action against Mr. Warren and "grilled, harassed, and intimidated" him. *Id.* ¶¶ 79–81.

**E.   Group E**

Defendants: Fox, Ashby, McCutcheon

Allegations: The defendants reassigned Mr. Warren from a two-person cell to a "segregation like unit," then attempted to have him moved to a different prison. *Id.* ¶¶ 82–85, 86d–j.

**F.   Group F**

Defendant: Miller

Allegations: Defendant Miller deprived Mr. Warren of electricity, confined him to a cage during a cell search, and refused him medical attention and mental health care. *Id.* ¶¶ 86a–86c.

**G.   Group G**

Defendants: Conyers, K. McCorkle, Suari, Ernest

Allegations: Defendant Suari had Mr. Warren locked in a shower cell for 30 minutes under extremely hot temperatures, then initiated a bogus disciplinary action. Defendants Conyers and Ernest participated in the disciplinary action and administered his punishment. Defendants Conyers and McCorkle deprived Mr. Warren of a visit with his dying mother. *Id.* ¶¶ 87–91.

**H.   Group H**

Defendants: Fox and Cole

Allegations: After Mr. Warren brought a tort claim, the defendants terminated Mr. Warren's ability to volunteer in the barber shop. *Id.* ¶ 92–93.

**I.   Group I**

Defendant: Allen

Allegations: Mr. Warren sent Defendant Allen several letters and grievances regarding the other defendants' retaliation. Defendant Allen either did not respond or sided with the defendants in every case. *Id.* ¶ 94–99.

### III. Further Proceedings

Mr. Warren will have **through August 22, 2025**, to notify the Court: (a) which of the above groups of claims (A–I) he wishes to pursue in this lawsuit, and (b) which of the remaining claims he wishes to pursue in separate lawsuits. The Court will open a new case for each claim he so designates. Each case will be subject to screening under 28 U.S.C. § 1915A, and the Court's identification of claims is not a finding that any set of claims is viable and will move beyond screening. In each newly opened case, Mr. Warren will be responsible for paying an initial partial filing fee as in this case. *See* dkt. 8.

Given the breadth of the complaint, the Court will not sua sponte designate a set of claims to proceed in the event Mr. Warren does not respond by the deadline. Rather, the Court will direct him to show cause why the case should not be dismissed.

**SO ORDERED.**

Date: 7/31/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

LARRY WARREN
230853
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only