UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LARRY WARREN,<br><br>               Plaintiff,<br><br>            v.<br><br>CHLOE BOOKOUT Legal Liaison,<br>DENNIS REAGLE Former Warden,<br>TRENT ALLEN Current Warden,<br>ANDREW COLE Deputy Warden,<br>CHARLIE FOX Deputy Warden,<br>CHARLENE BURKETT Ombudsman,<br>CHRISTINA CONYERS Grievance Supervisor,<br>TAYLOR MCCORKLE Administration,<br>JOSEPH MCCUTCHEON Correctional Officer,<br>JOHN MILLER Correctional Officer, Sergeant,<br>DEBRA WALLEN Former Programs Director,<br>RACHELLE BRUMSFIEL Correctional Officer,<br>CARLOS SAURI Correctional Officer,<br>JULIA ERNEST DHB Supervisor,<br>MASON KIERZSNOWSKI Internal Investigator,<br>TONYA ASHBY Unit Team Manager,<br>KATELYN MCCORKLE Administration,<br><br>               Defendants. | No. 1:25-cv-00618-JPH-DML |

**ORDER GRANTING MOTION TO SEVER, SCREENING CLAIMS,
DISMISSING INSUFFICIENT CLAIM,
AND DIRECTING SERVICE OF PROCESS**

### I.    Prior Proceedings

In its Order issued July 31, 2025, the Court informed plaintiff Larry Warren that the claims in his complaint were misjoined. Dkt. 17. The Court

identified the various claims, assigned letters A-I to each group of claims, and directed Mr. Warren to report which of the claims he wished to pursue in this lawsuit. *Id.*

In Mr. Warren's second motion to sever, he reports that he wishes to pursue Group B claims in this action. The defendants in Group B are Chloe Bookout (legal liaison), Dennis Reagle (former warden), Andrew Cole (deputy warden), Charlie Fox (deputy warden), Katelyn McCorkle (administration), Taylor McCorkle (administration), and Debra Wallen (former programs director). Mr. Warren's second motion to sever, filed on August 26, 2025, dkt. [23], is **granted.** The Court will now screen the claims in Group B.

## II. Screening Standard

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent

standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

### III. The Claims

A plaintiff's factual allegations are accepted as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023). Mr. Warren alleges that the defendants in Group B retaliated against him for filing grievances and lawsuits. Defendants Bookout, T. McCorkle, Wallen, and K. McCorkle falsely claimed that he passed multiple items to an inmate he was watching as part of his prison job as a suicide companion. Dkt. 2 at 12. Ms. Wallen, Mr. Warren's supervisor, gave him a bad work evaluation and terminated him on September 11, 2023. Ms. Wallen told Mr. Warren that defendants Bookout and Reagle had ordered the termination. *Id.* at 13. Ms. Bookout falsely claimed that video footage supported the claim that Mr. Warren had passed items to the inmate on suicide watch. *Id.*

Because Mr. Warren was terminated in violation of prison policy, defendant Fox later agreed to pay Mr. Warren $815.00 for back pay but later only paid him $100.00. Mr. Warren filed a tort claim for the remaining $715.00, which prompted Warden Reagle to have a staff member tell Mr. Warren that Warden Reagle was tired of all the lawsuits and grievances coming out of Mr. Warren's unit.

A short time after his job termination, Mr. Warren was pulled out of his housing unit and met by defendants Bookout, K. McCorkle, and Wallen. *Id.* at 14. All three women surrounded Mr. Warren and Ms. Wallen was wearing her

duty belt containing mace and a stun gun. Mr. Warren considered this to be harassment, intimidation, and retaliation and a message to stop filing grievances and lawsuits. *Id.*

Defendant Cole responded to Mr. Warren's grievance challenging his job termination by falsely stating, "you were not following the guidelines of a suicide companion while on duty." *Id.* Mr. Warren alleges that there was no camera footage showing him pass items to an inmate on suicide watch. *Id.* Finally, Ms. Bookout returned a grievance filed against Warden Reagle for his failure to properly train his staff how to fill out conduct reports, which stopped the grievance from moving forward. *Id.* at 15.

## IV. Discussion of Claims

Applying the screening standard to the factual allegations in the complaint, certain claims are dismissed while other claims shall proceed as submitted.

There is no stand-alone claim for the loss of Mr. Warren's prison job. Prisoners have no liberty or property interest in their jobs. *See Grady v. Kinder*, 799 F. App'x 925, 927 (7th Cir. 2020) ("removal from a prison job does not implicate liberty or property interests"); *Starry v. Oshkosh Corr. Inst.*, 731 F. App'x 517, 518 (7th Cir. 2018); *Soule v. Potts,* 676 F. App'x 585, 586 (7th Cir. 2017) ("The Constitution does not give prisoners any substantive entitlements to prison employment."). Any claim for unlawful loss of his job is **dismissed for failure to state a claim upon which relief can be granted.**

4

"To establish a prima facie case of unlawful retaliation, a plaintiff must show (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Douglas v. Reeves*, 964 F.3d 643, 646 (7th Cir. 2020) (internal quotation omitted). The retaliation claims under the First Amendment **shall proceed** against defendants Ms. Bookout, Mr. Reagle, Mr. Cole, Mr. Fox, Katelyn McCorkle, Taylor McCorkle, and Ms. Wallen.

This summary of claims includes all the viable claims identified by the Court in Group B of the complaint. *See* dkt. 17. All other claims alleged in the complaint are **dismissed without prejudice**. If Mr. Warren believes that additional claims were alleged as part of Group B, but not identified by the Court, he shall have **through January 19, 2026,** in which to file a motion to reconsider the screening order.

### V. Conclusion and Service of Process

The retaliation claims are proceeding against defendants Chloe Bookout, Dennis Reagle, Andrew Cole, Charlie Fox, Katelyn McCorkle, Taylor McCorkle, and Debra Wallen.

All other claims have been dismissed without prejudice.

The **clerk is directed** to **terminate** Trent Allen, Charlene Burkett, Christina Conyers, Tonya Ashby, Joseph McCutcheon, John Miller, Rachelle Brumsfiel, Carlos Sauri, Julia Ernest, and Mason Kierznowski as defendants on the docket.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendants Chloe Bookout, Dennis Reagle, Andrew Cole, Charlie Fox, Katelyn McCorkle, Taylor McCorkle, and Debra Wallen in the manner specified by Rule 4(d). Process shall consist of the complaint filed on March 31, 2025, dkt. [2], the Order Severing Claims, dkt. [17], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk is directed** to serve the Indiana Department of Correction employees electronically.

Mr. Warren's second motion to sever, filed on August 26, 2025, dkt. [23], is **granted.**

**SO ORDERED.**

Date: 12/31/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

LARRY WARREN
230853
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only


Electronic service to Indiana Department of Correction:

    Chloe Bookout
    Dennis Reagle
    Andrew Cole
    Charlie Fox
    Katelyn McCorkle
    Taylor McCorkle
    Debra Wallen
    (All at Pendleton Correctional Facility)